IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

THOMAS L. DUDNEY, AH-4570,  )
                            )
          Petitioner,       )     No. C 14-2574 CRB (PR)
                            )
     vs.                    )     ORDER TO SHOW CAUSE
                            )
J. MACOMBER, Warden,        )
                            )
          Respondent.       )
_____)

Petitioner, a state prisoner incarcerated at California State Prison, Sacramento, has filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging a conviction from Lake County Superior Court.

**BACKGROUND**

Petitioner was convicted by a jury of attempted murder, mayhem, torture, robbery, residential burglary, assault with a firearm, assault with a deadly weapon, assault by means of force likely to cause great bodily injury, battery resulting in serious bodily injury and street terrorism. Enhancement for personally inflicting great bodily injury, personal use of a firearm, personal and intentional discharge of a firearm causing great bodily injury, and commission for

the benefit of a criminal street gang were also found true.  On May 10, 2011, petitioner was sentenced to a determinate term of 31 years, including a five-year term for street terrorism, plus an indeterminate term of 120 years-to-life in state prison.  Petitioner appealed.

On December 7, 2012, the California Court of Appeal modified the judgment to stay the five-year term for street terrorism, but otherwise affirmed the judgment.

On March 27, 2013, the Supreme Court of California denied review.

On June 4, 2014, petitioner filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 in this court, together with a motion to stay federal habeas proceedings so he could exhaust newly-discovered claims of ineffective assistance of counsel in the state courts.  On July 21, 2014, the court granted the motion to stay and instructed petitioner to move to lift the stay within 30 days of his exhausting his newly-discovered claims of ineffective assistance of counsel.

On October 28, 2015, petitioner moved to lift the court's stay and add new claims he argues he exhausted when the Supreme Court of California denied his final state habeas petition on October 14, 2015.  On December 23, 2015, the court granted the motion and instructed petitioner to file an amended petition containing the two claims in the original petition and the newly-exhausted claims.

On January 21, 2016, petitioner filed a First Amended Petition (FAP).

## DISCUSSION

A.     Standard of Review

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).

2

It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." Id. § 2243.

B.      Claims

Petitioner raises numerous claims for relief in his FAP, including ineffective assistance of trial and appellate counsel, denial of right to confront and cross-examine witnesses, and insufficiency of the evidence. Liberally construed, the claims appear cognizable under § 2254 and merit an answer from respondent. See Zichko v. Idaho, 247 F.3d 1015, 1020 (9th Cir. 2001) (federal courts must construe pro se petitions for writs of habeas corpus liberally).

**CONCLUSION**

For the foregoing reasons and for good cause shown,

1.      The clerk shall serve a copy of this order and the FAP and all attachments thereto on respondent and respondent's attorney, the Attorney General of the State of California. The clerk also shall serve a copy of this order on petitioner.

23.     Respondent shall file with the court and serve on petitioner, within 60 days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within 30 days of his receipt of the answer.

3

3.     Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If respondent files such a motion, petitioner must serve and file an opposition or statement of non-opposition not more than 28 days after the motion is served and filed, and respondent must serve and file a reply to an opposition not more than 14 days after the opposition is served and filed.

4.     Petitioner is reminded that all communications with the court must be served on respondent by mailing a true copy of the document to respondent's counsel. Petitioner must also keep the court and all parties informed of any change of address.

SO ORDERED.

DATED:   Feb. 25, 2016

CHARLES R. BREYER
United States District Judge

G:\PRO-SE\CRB\HC.14\Dudney, T.14-2574.osc.wpd

4