UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS L. DUDNEY, AH-4570,<br>Petitioner,<br>v.<br>J. MACOMBER, Warden,<br>Respondent. | Case No. 14-cv-02574-CRB (PR)<br><br>**ORDER GRANTING MOTION TO REOPEN CASE AND LIFT STAY, INSTRUCTING CLERK TO FILE SECOND AMENDED PETITION, AND ISSUING ORDER TO SHOW CAUSE**<br><br>(ECF No. 39) |

On February 21, 2017, the court granted respondent's motion to dismiss petitioner's First Amended Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 (FAP) for failure to exhaust state judicial remedies as to portions of six of twenty-three claims due to his not fairly presenting them to the Supreme Court of California. And pursuant to the law of the circuit, the court gave petitioner the option of either withdrawing his unexhausted claims and proceeding only on his exhausted claims, or of dismissing the entire mixed petition and returning to federal court with a new petition once all claims are exhausted. ECF No. 31 at 7 (citing Jefferson v. Budge, 419 F.3d 1013, 1016 (9th Cir. 2005); Olvera v. Giurbino, 371 F.3d 569, 573 (9th Cir. 2004)). The court also noted that petitioner may be able to obtain a stay if he can show that there was good cause for his failure to exhaust the unexhausted claims in state court, and that the claims are potentially meritorious. Id. at 7 n.1 (citing Rhines v. Webber, 544 U.S. 269, 277 (2005)). Petitioner moved for reconsideration or, in the alternative, a stay under Rhines so he can properly exhaust the unexhausted claims.

On May 31, 2017, the court denied petitioner's motion for reconsideration, but granted his motion for a stay under Rhines. ECF No. 37 at 2. The court instructed the clerk to administratively close the case and made clear that "[n]othing further will take place in this matter

until petitioner exhausts his unexhausted claims in the state courts and, within 28 days thereafter, moves to reopen the case and lift the court's stay." Id. at 3.

Petitioner now moves to reopen the case, lift the court's stay and file a Second Amended Petition (SAP) containing all twenty-three claims in the FAP because the unexhausted claims therein were exhausted when the Supreme Court of California denied his final state habeas petition on September 13, 2017. The motion (ECF No. 39) is GRANTED. The court's stay is lifted, and the clerk is instructed to reopen the case and file as the operative SAP in this case the proposed SAP submitted by petitioner and stamp filed received on October 13, 2017.

Because the court previously found that the twenty-three claims in the now operative SAP appear cognizable under § 2254, respondent shall file with the court and serve on petitioner, within 60 days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition. If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within 30 days of his receipt of the answer.

**IT IS SO ORDERED**.

Dated: November 14, 2017

_____
CHARLES R. BREYER
United States District Judge